UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Terry Hronek, | ) | CASE NO. 5:05 CV 1821 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**INTRODUCTION**

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 1). For the reasons that follow, the motion is DENIED.

**FACTS**

On April 17, 2002, petitioner and two co-defendants were charged in a three count indictment. Petitioner was charged with two counts, i.e., conspiracy to possess with the intent to distribute marijuana and money laundering. This Court ordered petitioner detained until trial. Petitioner was held in the Lake County Jail. Although petitioner asked to see the jail psychiatrist

1

on several occasions, he was not able to obtain an appointment. As a result, petitioner claims he did not receive needed medications and suffered through withdrawal from long-term marijuana use. Petitioner also points out that the conditions in the prison were less than favorable. Specifically, petitioner claims he had difficulty sleeping due to the noise levels and lack of a pillow and was unable to find time to be "alone...quiet...or reflective."

In May of 2002, petitioner and the government began discussing a potential plea bargain. Petitioner and his counsel met with the government for an initial proffer and interview, but petitioner was unable to recall certain information sought by the government. A second interview was scheduled for July 2, 2002. During the interim, petitioner's counsel was on vacation. The government subsequently cancelled the July 2nd interview because all issues with the co-defendants had been resolved.

On July 9, 2002, petitioner entered a plea of guilty to both counts of the indictment. Among other things, the plea agreement required petitioner to forfeit various properties, including a home located on Lake Rockwell Road in Ravenna, Ohio ("Lake Rockwell Property"). It is undisputed that petitioner's counsel advised him that he would be able to repurchase the Lake Rockwell Property. In addition, it appears from counsel's letters to petitioner that the government also believed that repurchase of the Lake Rockwell Property was possible. Petitioner later discovered, however, that 21 U.S.C. § 853(h) prohibits him from repurchasing any forfeited property.

In October of 2002, petitioner moved the Court to substitute counsel. The Court granted the motion and, on November 5, 2002, petitioner's new counsel moved this Court to withdraw his guilty plea. The Court denied petitioner's motion and thereafter sentenced petitioner to 125

months in prison.

Petitioner appealed the Court's judgment and sentence to the Sixth Circuit arguing, among other things, that the District Court erred in refusing to allow petitioner to withdraw his plea. The Sixth Circuit affirmed this Court's ruling. Petitioner now moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his sentence "upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

### DISCUSSION

1.  Ineffective assistance of counsel/voluntary nature of plea

Because the Court finds that petitioner's claims for ineffective assistance of counsel and his attack on the voluntary nature of his plea are interrelated, these issues will be addressed together.

Petitioner argues that he was denied effective assistance of counsel during the plea negotiations. Specifically, petitioner argues that his attorney erroneously informed him that he

3

would be permitted to repurchase the Lake Rockwell Property.  According to petitioner, his ability to repurchase the property was a determining factor in his decision to accept the plea offer. In addition, petitioner argues that his attorney's absence during July of 2002 constitutes ineffective assistance of counsel because he was unavailable during a critical juncture of the plea negotiation phase.  Petitioner also asserts that his attorney would not accept his calls and did not make himself available to petitioner on a consistent basis.

In addition, petitioner argues that his plea was made involuntarily and unknowingly. According to petitioner, he was under extreme psychological stress and had been denied medical attention during his pretrial detention.  Petitioner argues that the plea was coerced by both the government's promise that he could repurchase the Lake Rockwell Property and his counsel's failure to properly advise him on forfeiture law.

The government argues that petitioner waived his right to challenge the voluntary nature of his plea.  The government also argues that by failing to raise the lack of voluntariness of his plea on direct appeal, his claim is procedurally defaulted and cannot be addressed by this Court. In addition, the government claims that petitioner was not denied effective assistance of counsel.

Petitioner responds that any plea agreement prohibiting a defendant from challenging the voluntary nature of his plea is void as against public policy.  Petitioner also argues that his claim is not procedurally defaulted because it required review of information outside of the record and, accordingly, is not a claim that is reviewable on direct appeal.

Upon review, the Court finds that petitioner is guilty of procedural default with regard to his claim that unpleasant prison conditions and lack of medication rendered his plea unknowing or involuntary.  "Generally, 'the voluntariness and intelligence of a guilty plea can be attacked

4

on collateral review only if first challenged on direct review.'" *El-Nobani v. United States,* 287 F.3d 417, 420 (6th Cir. 2002)(quoting *Bousley v. United States*, 523 U.S. 614 (1998)). There is an exception to this rule, however, for claims "that could not be presented without further factual development." *Bousley*, 523 U.S. at 621. An example falling within this exception is a plea obtained through coercion. *See, Waley v. Johnston*, 316 U.S. 101 (1942)(*per curium*). In such a situation, resort to the record would not assist the appellate court in resolving the defendant's claim.

Petitioner argues that his claim could not have been presented on direct review because it required resort to evidence outside the record. This Court disagrees. The Court finds that petitioner's state of mind at the time he entered his plea could have been reviewed on direct appeal because the plea colloquy would have been sufficient evidence on which the court of appeals could have resolved petitioner's claim. "State of mind" claims, such as that advanced by the petitioner, are often resolved by the Sixth Circuit on direct appeal. *See, e.g.*, *United States v. Carpenter*, unreported, 25 Fed. Appx. 337 (6th Cir. 2001); *United States v. Calvin*, unreported, 20 Fed. Appx. 452 (6th Cir. 2001); *United States v. Brumfield*, unreported, 208 F.3d 215 (6th Cir. 2000). Because petitioner failed to present his claim on direct review, the doctrine of procedural default bars this Court from addressing the claim on collateral review.

Procedural default may be excused in two circumstances. *El-Nobani v. United States,* 287 F.3d 417, (6th Cir. 2002). Under the first exception, a petitioner's procedural default is excused if he is actually innocent. *Id.* The second exception requires that a petitioner demonstrate cause and actual prejudice. *Id.* Petitioner does not claim that either exception applies in this case and, instead, relies solely on the argument that his claim is not procedurally

5

defaulted. Accordingly, the Court finds that petitioner's procedural default is not excused. As a result, petitioner's claim that prison conditions and his lack of medication rendered his plea unknowing and/or involuntary cannot be reviewed by this Court. Thus, the Court need not determine whether the waiver in the plea agreement precludes petitioner from making this challenge.

Petitioner also argues that his plea was not knowing or voluntary because his attorney rendered ineffective assistance of counsel. The government argues that petitioner waived his right to challenge the voluntary nature of his plea based on ineffective assistance of counsel. Petitioner also, however, raises a "direct" claim for ineffective assistance of counsel. The government does not argue that this "direct" claim is barred by the waiver provision.[1] In that the Court must reach the merits of petitioner's ineffective assistance of counsel claim in any event, the Court will not address whether the waiver provision precludes petitioner from challenging the voluntary nature of his plea based on ineffective assistance of counsel.

A petitioner challenging the effectiveness of trial counsel must first show that counsel was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and further that counsel's deficient performance so prejudiced the defense as to

---

[1] According to the government, petitioner's "direct" ineffective assistance of counsel claim is not precluded by the waiver provision. The language the government relies on in its brief, however, is not the language contained in petitioner's plea agreement. Contrary to the government's concession, petitioner did in fact waive his right to raise ineffective assistance of counsel claims on both direct and collateral review. Given the government's failure to make this argument, the Court will not *sua sponte* address whether the waiver is enforceable in the context presented by petitioner.

6

render the trial unfair and the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Sixth Circuit has held that counsel's performance is not deficient when plea agreement advice is "based upon a reasonable decision to offer a guilty plea in exchange for a lighter sentence."  *Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996).  As a general rule, the Court must avoid the use of hindsight and presumes that "the challenged action might be considered sound trial strategy."  *Strickland*, 466 U.S. at 689.

In order to succeed in establishing ineffective assistance of counsel, petitioner must demonstrate that "(1) his attorney's performance was outside the range of competence demanded of attorneys in the criminal context, and (2) the professionally unreasonable performance prejudiced him."  *Hunter v. United States*, 160 F.3d 1109, 1115 (6th Cir. 1998).

In this case, petitioner claims that his counsel rendered ineffective assistance by misinforming him that he would be eligible to repurchase the Lake Rockwell Property.  The Court agrees with petitioner that counsel's performance fell below an objective standard of reasonableness.  Forfeiture is a common theme in criminal cases and most defendants are required to forfeit property in a plea agreement.  Although a statute expressly precludes petitioner from repurchasing any forfeited property, counsel nonetheless informed petitioner that he could take part in the repurchasing process.  It appears that petitioner's counsel may have relied on the government's erroneous belief in that regard.  Regardless, with a minimal amount of research, counsel would have discovered that petitioner is statutorily prohibited from repurchasing forfeited property.

The Court, however, concludes that petitioner was not prejudiced by the failure of

7

counsel to properly inform petitioner regarding the application of the forfeiture laws.  In order to establish prejudice in the context of a negotiated plea agreement, petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S.52, 58 (1985).  The Court finds that petitioner fails to satisfy this standard.  As an initial matter, the letters petitioner provides in which his attorney discusses the erroneous application of the forfeiture laws are all dated *after* he entered his plea.  Other than petitioner's self-serving affidavit, there is simply no evidence that petitioner's counselor provided erroneous advice prior to the time he changed his plea.  Thus, the Court cannot say that the advice affected petitioner's decision to enter a guilty plea.  In addition, the Court is not convinced that petitioner would have insisted on going to trial had he known he was not eligible to repurchase the Lake Rockwell Property.  Even assuming petitioner relied on the erroneous advice provided by his attorney, there was no guarantee that petitioner would have been successful in repurchasing the property.  Rather, at best petitioner mistakenly believed he had the *opportunity* to participate in the repurchasing process.  The Court does not find credible petitioner's claim that, but for the erroneous advice, he would have insisted on going to trial.  As such, the Court finds that petitioner fails to satisfy his burden of demonstrating prejudice under the *Strickland* standard.[2]

---

[2] The Court rejects petitioner's argument that his plea was not knowing or voluntary because it was induced by the government's false promises that petitioner could repurchase the Lake Rockwell Property.  As the Sixth Circuit noted in its opinion, the plea agreement contains an integration clause, which expressly provides that the government made no promises other than those contained the agreement.  Regardless, petitioner fails to provide any evidence that the government in fact made such a promise.

Petitioner also argues that he is entitled to relief on the grounds of ineffective assistance of counsel because his attorney was on vacation during a "critical phase" of the plea negotiations. Specifically, petitioner claims that, had his attorney been available, he would have been able to secure a better cooperation deal. The Court rejects petitioner's contention. Counsel for the government met with petitioner and his attorney to discuss a potential cooperation deal. At that meeting, petitioner was unable to provide assistance to the government and could not recall certain critical information. Although the government agreed to discuss the case at a later point, subsequent government meetings rendered a second meeting unnecessary. The Court finds that the vacation taken by petitioner's attorney did not result in ineffective assistance of counsel. Rather, it was petitioner's own inability to provide assistance, which resulted in the government ceasing its cooperation efforts with petitioner.

2. Due process violations

Petitioner argues that he is entitled to relief under Section 2255 on the grounds that he was denied due process. Specifically, petitioner argues that the government engaged in impermissible fact-bargaining with his co-conspirators. In addition, petitioner claims that the Court violated his due process rights by refusing to apply a one-point reduction for acceptance of responsibility.

The Court finds that petitioner's claims for violation of due process fail because he is guilty of procedural default. The Court set forth the law applicable to procedural default above. The Court agrees with the government that petitioner's claims are barred by the doctrine of procedural default. Both of these issues could have been raised in petitioner's direct appeal. Although unclear, it appears that petitioner in fact presented some argument to the Sixth Circuit

9

on the issue of downward departure. Any failure to present this precise issue is barred by procedural default. Petitioner fails to demonstrate either cause or prejudice sufficient to justify excusing his default. Accordingly, petitioner's claims for due process violations must be rejected.[3]

    3.    Newly discovered evidence

Next petitioner argues that newly discovered evidence warrants relief. Specifically, petitioner presents various letters drafted by a co-conspirator, which petitioner claims demonstrate that the sentence enhancement he received was not warranted. According to petitioner, the letters show that the co-conspirator, not petitioner, was the central figure in the conspiracy. The government responds that the evidence presented by petitioner was available prior to his plea. As such, it is not "newly discovered." In addition, the government points out that petitioner conceded to his role in the conspiracy as part of the plea agreement.

Upon review, the Court finds that petitioner is not entitled to the relief he seeks. Rule 33 of the Federal Rules of Criminal Procedure permits this Court to grant a new trial "if the interest of justice so requires." As noted by the Sixth Circuit, however, "[m]otions for a new trial based upon newly discovered evidence are disfavored and should be granted with caution." *United States v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000). Ordinarily, a defendant seeking relief based on newly discovered evidence must establish the following,

    (1) the evidence was discovered after trial;

---

[3]    Regardless of whether the doctrine of procedural default bars petitioner's "downward departure"claim, the Court finds that it did not violate petitioner's due process by denying his request in this regard.

>  (2) the evidence could not have been discovered earlier with due diligence;
>
>  (3) the evidence is material and not merely cumulative or impeaching; and
>
>  (4) the evidence would likely produce an acquittal.

*United States v. Frost*, 125 F.3d 346, 382 (6th Cir. 1997).

In this case, many of the letters provided by petitioner were written to him by his co-conspirator. Petitioner claims that he erroneously believed the letters were "thrown away" and he only recently learned that they were the attic of his mother's house. The Court finds that this "evidence" is not "newly discovered" evidence for purposes of re-sentencing. As an initial matter, the content of the letters was certainly available to petitioner even if the actual documents were misplaced. Moreover, the Court has reviewed the letters and is not convinced that they demonstrate that petitioner did not take a leading role in the conspiracy. Accordingly, the Court rejects petitioner's claim that "newly discovered" evidence entitles him to a reduced sentence.

>  4.   *Booker*

Petitioner claims that his due process rights were violated because he was sentenced under a mandatory sentencing scheme in violation of *United States v. Booker*, 543 U.S. 220 (2005) and related cases. The Sixth Circuit, however, expressly held that *Booker* does not apply retroactively in collateral proceedings. *See*, *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Accordingly, petitioner's claim is without merit.

>  5.   Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted in this matter. The Court has reviewed the briefs, records and case file, which demonstrate that petitioner is not entitled to

11

relief.

      6.     Certificate of appealability

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

*(B) the final order in a proceeding under section 2255.*

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

For the reasons stated herein, the Court does not find that petitioner has made a substantial showing of the denial of a constitutional right, with the exception of petitioner's

claim that he was denied effective assistance of counsel as it relates to the forfeiture advice he received. The Court finds that whether petitioner was prejudiced by his attorney's advice is a close call and that reasonable jurists may disagree on the resolution of the issue. Accordingly, the Court hereby issues a certificate of appealability on issue "A" raised in the petition. With regard to all other issues, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/6/06